## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

SHELIA CURRAN and
ERIC CURRAN,

          Plaintiffs,

vs.

PNC BANK, NATIONAL ASSOCIATION,

          Defendant.

Case No.: **2:17-cv-243**

## NATURE OF THE ACTION

1.     This is an action brought by two consumers for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and their common-law right to privacy.

2.     Through the TCPA, Congress recognized that auto-dialed and pre recorded commercial telephone communications encroach significantly on individual privacy and impose unwarranted costs on individuals. By subjecting Plaintiffs to unauthorized, auto-dialed calls over a sustained period of time, and by refusing to cease those calls, despite Plaintiffs' continual requests, PNC Bank, National Association ("PNC Bank") abused Plaintiffs' privacy rights, used data and minutes associated with their respective cellphone plans and violated the TCPA.

3.     The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. was designed to prevent telephone calls such as the ones described herein and to protect the privacy of consumers, such as Plaintiff. "Voluminous consumer complaints

1

about abuse of telephone technology prompted Congress to pass the Telephone Consumer Protection Act." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.     In enacting the Telephone Consumer Protection Act, Congress intended to give consumers a choice as to how corporate entities may contact them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Telephone Consumer Protection Act, Pub. L. No. 102-243, § 11; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 at *4 (N.D. Ill. Aug. 10, 2012) (citing congressional findings on Telephone Consumer Protection Act's purpose).

5.     Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded telephone calls are a nuisance and an invasion of privacy, regardless of the type of call ***." Id. at §§ 12-13; *see also Mims*, 132 S.Ct. at 744.

6.     As Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit explained in a Telephone Consumer Protection Act case:
The Telephone Consumer Protection Act *** is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Telephone Consumer Protection Act curtails the use of automated dialers and prerecorded messages to cellular telephones ***. An automated telephone call to a landline telephone can be an annoyance; an automated telephone call to a cellular telephone call adds expense

to an annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

8.     "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

## JURISDICTION AND VENUE

9.     Subject matter jurisdiction exists over Plaintiffs' claims because this matter involves the violation of a federal statue.

10.     Supplemental jurisdiction arises because Plaintiffs' state law claims are substantially related to Plaintiffs' federal TCPA claims. 28 U.S.C. § 1367.

11.     Venue is proper because the illegal calls were received in this District and Plaintiffs live here.

## PARTIES

12.     Shelia Curran (hereinafter "Shelia") is a natural person over 18 years of age who at all times relevant to this Complaint resided at the property commonly known as 7885 S County Rd. 475 E. Cloverdale, IN 46120.

13.     Eric Curran (hereafter "Eric") is a natural person over 18 years of age who at all times relevant to this Complaint resided at the property commonly known as 7885 S County Rd. 475 E. Cloverdale, IN 46120.

14.     Plaintiff Eric Curran and Plaintiff Shelia Curran (collectively "Plaintiffs") are mother and son.

15.     PNC Bank is a national banking association with its principal place of business located in Pennsylvania. The state designed on its origination certificate is Delaware.

16.     National City Bank was a bank headquartered in Cleveland, Ohio. National City Bank and PNC Bank merged in 2008. The surviving business was PNC Bank.

## FACTUAL ALLEGATIONS
### Plaintiff Shelia Curran

17.     On or about March 15, 2004 Edward Curran Sr. and Shelia Curran obtained a home mortgage loan from National City Bank ("Mortgage Loan").

18.     PNC Bank became the successor in interest to the Curran's Mortgage Loan when it merged with National City Bank.

19.     At some point, the Mortgage Loan became delinquent. Defendant then

began calling Plaintiff Shelia Curran's cellular telephone number (765) 301 _____ to collect on the mortgage loan.

20.     Shelia repeatedly asked PNC Bank to cease calling her.

21.     Despite her request that PNC Bank cease calling her, Sheila began receiving approximately 5-10 calls per month from PNC Bank's collections department.

22.     PNC Bank made the above referenced calls using an automatic dialing System.

23.     For at least the past four years Defendant has called Shelia Curran approximately six times per month, even after she repeatedly demanded that the calls stop.

### Plaintiff Eric Curran

24.     Plaintiff Eric Curran is Shelia's son. He is not a signatory to the Mortgage Loan. Nonetheless, PNC has called his cellular phone number (765) 301 _____ to collect on the mortgage loan.

25.     Eric repeatedly asked PNC Bank to cease calling him.

26.     Despite his request that PNC Bank cease calling him, Eric has received approximately 5-10 calls per month from PNC Bank's collections department, throughout the last four years.

27.     PNC Bank made the above referenced calls using an automatic dialing System.

28.     All telephone calls placed by Defendant to Plaintiffs' cellular

telephones utilized an "Automatic Telephone Dialing System" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1). An ATDS means equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator to dial such number.

29.     Plaintiffs answered many of Defendant's telephone calls. Each time they answered there was a clear pause before they were connected to a call center employee of the Defendant. The pause prior to connection to a live call center employee is an indication that an ATDS is being used. The volume of calls Plaintiffs received also indicates use of an ATDS.

30.     On information and belief, on the calls Plaintiffs did not answer, an identical delay would have elapsed had the calls been answered.

31.     None of the telephone calls Defendant placed to Plaintiffs cellular telephones were made for emergency purposes.

<u>COUNT I</u>
**VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ*.**

32.     Paragraphs 1 through 21 are realleged as though fully set out herein.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the Telephone Consumer Protection Act, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

34.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, et

seq., each Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

35.    Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

36.    Plaintiffs also seek an award of attorneys' fees and costs of suit.

**COUNT II**
**KNOWING AND WILLFUL VIOLATION(S) OF THE**
**TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ*.**

37.    Paragraphs 1 through 31 are re-alleged as though fully set out herein.

38.    Defendant intended to make the calls to Plaintiffs.

39.    Defendant intentionally disregarded Plaintiffs requests that it stop calling them.

40.    Plaintiffs also seek an award of attorneys' fees and costs of suit.

**COUNT III**
**INVASION OF PRIVACY**

41.    Paragraphs 1 through 34 are re-alleged as though fully set out herein.

42.    Defendant's persistent calls violated Plaintiff's right to privacy. Specifically, Defendant's conduct was an intrusion upon seclusion.

43.    Defendant's calls wasted Plaintiffs' time and caused Plaintiff stress, anxiety, and mental anguish.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et*

*seq.*, $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

B.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227, *et seq.*, treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

C.      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

D.      Leave to amend this Complaint to conform to the evidence presented at trial.

E.      Pursuant to Plaintiffs common-law invasion of privacy claim, compensatory and punitive damages.

F.      Any other relief the Court may deem just and proper.

Respectfully submitted this 25th day of May, 2017.

HANSEN REYNOLDS LLC

By:  s/  Thomas S. Reynolds II
     Thomas S. Reynolds II,
     State Bar No. 20654-49
     Michael C. Lueder (*pro hace vice*
     motion to be filed)
     316 North Milwaukee St., Suite 200
     Milwaukee, Wisconsin 53202
     Telephone: (414)
     Facsimile: (414) 455-7676
     Email: treynolds@hansenreynolds.com

     *Attorneys for the Plaintiffs*